U.S. DISTRICT COURT
SAVANNAH DIV.

2012 JUN -4  PM 1: 11

CLERK_____
SO. DIST. OF GA.

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| AMBER D. GLISSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No.: **C V 4 1 2 - 1 5 8** |
| v. | ) |
| | ) |
| POLARIS INDUSTRIES, INC. | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Amber D. Glisson, and shows the Court the following:

### CERTIFICATE OF INTERESTED PARTIES
### SOUTHERN DISTRICT RULE 3.2

A Certificate of Interested Parties pursuant to Southern District Georgia Local Rule 3.2 is contemporaneously filed herewith.

### THE PARTIES

1.      Amber D. Glisson (hereafter sometimes "Amber" or "Glisson") is a citizen of Chatham County, Georgia.

2.      Defendant Polaris Industries, Inc. (hereafter "Polaris") is a Minnesota corporation with its principal place of business in Medina, Hennepin County, Minnesota. Polaris is not registered to do business in the State of Georgia. Polaris manufacturers various kinds of vehicles, including specifically off road, all-terrain vehicles ("ATVs") which it sells or causes to be sold in Georgia. Polaris regularly does business in Georgia, including Chatham County, selling its vehicles and vehicle parts in Georgia. Polaris manufactured the specific ATV

involved in this lawsuit which was sold new in Chatham County, Georgia. The incident giving rise to this lawsuit occurred in Chatham County, Georgia.

3.     The Polaris manufactured ATV involved in this lawsuit is a Ranger RZR 800 EFI, VIN 4XAVH76A29D814493, Type ATT/NTT, manufactured 3/05/2009. The ATV was sold new on January 19, 2011 in Savannah, Georgia through a dealer of such vehicles.

4.     Defendant Polaris Industrial, Inc. which is listed on the New York Stock Exchange (listed as PII), is a Minnesota corporation and has its principal offices and place of doing business at 2100 Highway 55, Medina, Hennepin County, Minnesota 55340-9770. Polaris' registered agent for service of process is: CT Corporation Systems, Inc., 100 S 5th Street, # 1075, Minneapolis, Minnesota 55402.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) in that complete diversity exists between the parties of this action and the matter in controversy exceeds the sum of $75,000, exclusive of intent and costs; further the Defendant regularly does business in Georgia and is subject to O.C.G.A. § 9-10-91.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c). Polaris does business in Georgia and Chatham County, Georgia and is subject to the personal jurisdiction of this Court.

## THE PRODUCT

7.     The product involved in this action is a 2009 Polaris Ranger RZR, VIN 3XAVH76A29D814493 (the "Ranger RZR"), a side-by-side two-seat, off road, all-terrain vehicle (sometimes hereafter the "ATV"), which vehicle sometimes referred to as a recreation off-road (ROR) vehicle, sold as new on or about January 20, 2011 in Savannah, Georgia.

8.      The Ranger RZR was designed and manufactured by Polaris.

## STATEMENT OF THE FACTS

9.      On August 13, 2011, Amber D. Glisson was a passenger in the 2009 Ranger RZR in an unpaved area in rural Chatham County, Georgia.

10.     While riding in the ATV, with full face helmet buckled on and safety belt strapped, Amber's hair became caught in the unguarded and unprotected rotating drive shaft which is below the passenger seat, the force of which scalped her (medically referred to as a scalp avulsion) and fractured one or more discs of her spine, fractured ribs and caused her other serious bodily injury.

11.     At the time of the accident, the subject vehicle was being properly used as intended by the manufacturer and in a manner reasonably foreseeable to Polaris.

12.     The Ranger RZR which had been in use about seven (7) months, was in excellent condition and had not been modified or changed from its "as manufactured" and "as purchased" new condition, was in substantially the same condition as when put into the stream of commerce, and had only about 50 hours of use.

13.     The Ranger RZR was designed and manufactured such that there are open spaces at and between the rear and rear sides of the bucket seats in the passenger compartment which permits objects, passenger hands, clothing or other things (including Plaintiff's hair) to descend beneath the seats to the unguarded and exposed drive shaft in which Plaintiff's hair was caught and which resulted in grievous harm to Plaintiff.

14.     Beneath the rear and sides of the bucket seats is the drive shaft that drives the wheels of the ATV, such shaft rotates at many hundreds of revolutions per minute and is not guarded so s to prevent severe injury to passengers in the ATV.

15.    The Ranger RZR was designed, engineered, inspected, manufactured, tested, marketed, distributed and/or sold by Polaris, including the unguarded openings at the rear of the seats and the unprotected/unguarded drive shaft which caused injury to Ms. Glisson.

16.    No warning of the danger of the opening at the rear and rear sides of the seats of the passenger compartment which permitted the drive shaft to be exposed or the danger of this design existed on the RZR; neither was there any such warning in the Operator's Manual for the vehicle.

17.    Amber Glisson was in no manner negligent and was not aware and was not advised of the risk to her person caused by the unguarded and exposed drive shaft.

18.    The design of the ATV leaving open the drive shaft was readily capable of being designed alternatively, correctly and safely; at some time after the subject ATV was sold, Polaris, in fact, built its side by side ATV so as to avoid the described danger.

19.    As a result of the injuries suffered by Amber D. Glisson, she has incurred in excess of $400,000 of medical expense, has permanent scarring and disfigurement by reason of having been scalped, as well as other serious permanent injuries, and has and will ever continue to suffer both mentally and physically for her entire life, and has and will experience lost income by reason of her injuries.

### COUNT ONE
**(Strict Liability//Design Defect/Failure to Warn by Polaris Industries, Inc.)**

20.    Paragraphs Numbers 1 through 19 are incorporated herein by reference as though stated verbatim.

21.    Polaris designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed and sold the Ranger RZR that is the basis of this action.

22.     The subject Ranger RZR was defectively designed and unreasonably dangerous in that it had an open and unguarded/unprotected drive shaft located such that it was foreseeable to Polaris that it could cause serious injury or death to the passenger and/or driver.  The risk of injury and death outweighed the utility of the ATV's chosen design.  A safe, alternative design was readily available and fully practical but was not utilized until later models of the Polaris side by side ATVs.

23.     The subject Ranger RZR was defectively designed in at least the following ways at the time it was sold new, for which Polaris is strictly liable pursuant to Georgia law in that:

    a.  Polaris failed to incorporate design characteristics that would prevent objects, bodily parts or things from passing from the passenger compartment to the drive shaft;

    b.  Polaris failed to provide a covering or protective device over or around the drive shaft to protect passengers from the danger of the rotating drive shaft;

    c.  Polaris failed to warn the Plaintiff, other consumers, or the public in general about the unsafe and defective condition and design of the vehicle which was known to Polaris, such that individuals like the Plaintiff could make informed and prudent decisions regarding traveling or riding in such vehicles;

    d.  Polaris failed to implement a safe, technologically feasible, and economically practical alternative design, which would have cured the design defects noted above;

    e.  Polaris failed to hold paramount the safety, health and welfare of the public when designing the vehicle made the basis of this suit.

24.     As the direct and proximate result of Polaris' design defects of the subject Ranger RZR, and the Defendant's complete and total failure to warn of the danger in use of the Ranger RZR, the Polaris ATV when sold new was not merchantable and not reasonably suited to the use intended by reason of which Amber D. Glisson suffered serious injuries and damages for which Polaris Industries, Inc. bears total responsibility and liability.

## COUNT TWO
### (Negligence of Polaris)

25.     Plaintiff incorporates as if re-alleged fully herein paragraphs 1 – 24 inclusive.

26.     Polaris owed a duty of care to Amber D. Glisson and the consuming public in general to design and sell a reasonably safe vehicle, including guarding of the drive shaft and to warn about dangers in the Ranger RZR of which Polaris was aware and should have been aware.

27.     Polaris had a duty to hold paramount the safety, health and welfare of the public in designing the Razor RZR made the basis of this suit.

28.     Polaris had a duty to eliminate, through design, the hazard of the unguarded/unprotected rotating drive shaft it recognized to be associated with the use of the RZR made the basis of this suit.

29.     Polaris had a duty to protect or guard consumers against hazards it recognized or should have recognized to be associated with the use of its product which it was feasible to eliminate through different design.

30.     Polaris had a duty to warn consumers of hazards recognized to be associated with the use of its product before and after introduction of the Ranger RZR to the public if such recognized hazards could not be designed out or guarded against.

925234-3

31.     Polaris negligently failed to implement safe, technologically feasible, and economically practical alternative designs, which would have cured the defective and dangerous condition of the vehicle and which it accomplished in later model side by side ATVs.

32.     Polaris negligently and wantonly failed to complete an adequate hazard analysis and risk assessment for potential harm to consumers when the vehicle made the basis of this suit was designed, sold and/or manufactured without use of technologically and economically feasible alternative design that would be safe.

33.     Polaris breached each of the duties of care described in the foregoing Paragraphs 23 – 32 inclusive and negligently and failed to provide for consumer use a product that could have readily been made safe but was not.

34.     As a direct and proximate result of Polaris' negligence, Amber D. Glisson suffered serious injuries and damages while a passenger in the 2009 Ranger RZR which occurred by no fault or negligence on her part.

## COUNT THREE
### (Punitive Damages)

35.     Plaintiff incorporates as if re-alleged fully herein, paragraphs 1 through 34 above.

36.     Polaris was aware long before the ATV was manufactured that its Ranger RZR would be used by persons such as Plaintiff in the incident giving rise to this suit.

37.     Polaris was aware long before this the ATV was manufactured that the subject Ranger RZR was defective and dangerous in the event that a part of a person or his or her garments could be caught in the unguarded and open drive shaft of the Ranger RZR.

38.     Despite its knowledge of the dangerous defects in the Ranger RZR, Polaris did nothing to remedy the dangerous condition with a proper guarding device or to warn its

customers or potential users of the Ranger RZR of the danger so as to afford innocent victims like Ms. Glisson needed information to avoid being injured or killed.

39.    As a result of Polaris' intentional, callous, wanton, and reckless indifference to consequences and the safety and well-being of the consumer public and users and occupants of the Ranger RZR, such as Plaintiff, people continue to be exposed to the model of the RZR in question which can cause injury, maiming, and death in incidents such as occurred to Plaintiff.

40.    There is clear and convincing evidence that Polaris acted with reckless indifference, demonstrating an entire lack of care for the safety and well-being of victims like Ms. Glisson and others so as to evidence a conscious indifference to the consequences of its acts such that an award of punitive damages is proper against Polaris Industries, pursuant to O.C.G.A. § 51-12-5.1, which will punish Polaris for the harm they have caused and that will deter them from similar future misconduct.

## PRAYER FOR RELIEF

41.    Plaintiff incorporates as if re-alleged paragraph 1 through 40 inclusive.

42.    Plaintiff, Amber D. Glisson, seeks to recover of Polaris Industries, Inc., all special and general damages which have or will occur to Plaintiff by reason of her injuries suffered on August 13, 2011, to the full extent allowable under Georgia law, including damages for pain, suffering, fright, mental anguish, medical expenses incurred, loss of income past and future, and serious disfigurement by reason of having been scalped, disabilities, and, in any event, in an amount in excess of $75,000, exclusive of interests and costs, the precise amount to be decided by a fair and impartial jury.

43.     Plaintiff further seeks to recover punitive damage from Polaris Industries, Inc., for its willful and wanton conduct in an amount sufficient to punish said Defendant for what it has done to Ms. Glisson and to deter it from continuing to cause harm to others.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues of this cause, that all costs will be taxed against the Defendant and for such other and further relief as may be just and appropriate.

This ___ day of June, 2012.

HUNTER MACLEAN EXLEY & DUNN, P.C.

Arnold C. Young
Georgia Bar No. 781500
Bradley M. Harmon
Georgia Bar No. 327097
Attorneys for Plaintiff, Amber D. Glisson

200 E. Saint Julian St.
P.O. Box 9848
Savannah, GA 31412-0048
912-236-0261
ayoung@huntermaclean.com