UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMBER D. GLISSON

      Plaintiff,

vs.                                        CASE NO.: 4:12-cv-00158-BAE-GRS

POLARIS INDUSTRIES INC.

      Defendant.
_____/

## AGREED PROTECTIVE ORDER

It is hereby ORDERED that Plaintiff Amber D. Glisson's personal diary, which is to be produced by Plaintiff, will be afforded the following protections:

1. Plaintiff Amber D. Glisson maintains a personal diary, which she began subsequent to the August 11, 2011 incident at issue in this case, and which will be produced in its entirety to Defendant Polaris Industries, Inc. ("Polaris"). Plaintiff represents that her diary contains personal material that, if disclosed to entities or individuals other than Defendant, would potentially cause unnecessary embarrassment to Plaintiff. Polaris and Plaintiff agree that the diary is not intended to be used, and will not be used, as a means to unnecessarily embarrass Plaintiff. To that end, the diary shall not be shown or otherwise divulged, and the fact of the existence thereof shall not be disclosed, to any entity or person except the employees, experts and consultants specifically employed and retained by the parties to this lawsuit for use only in connection with this action.

2. This Protective Order is not intended to, and shall not, prevent Polaris from using the diary for legitimate examination of the Plaintiff, including at deposition or trial.

3. If Polaris seeks to disclose any portion of the diary to any individual, other than its employees, counsel, employees of counsel, and experts and consultants specifically employe and retained by Polaris in connection with this action, Polaris will provide Plaintiff with advance notice of this intent, and both parties will engage in a good faith discussion regarding the content of the disclosure, the purpose of the disclosure and the possibility of embarrassment to Plaintiff. Disclosures of the diary would include asking a witness to read a portion of the diary at deposition, providing a written copy of the diary, or a portion of the diary, to any other individual, or the reading from or quoting of the diary in the presence of any other individual.

4. If, after a good faith discussion, Plaintiff reasonably believes that Polaris' intended disclosure will unnecessarily embarrass Plaintiff, and the Parties are not able to reach an accommodation, counsel for Polaris will confirm the disagreement in writing. Plaintiff's counsel shall have 20 days from receipt of the letter in which to file a motion with the Court to address the issue. In such an instance, Polaris agrees that it will not disclose the diary, or any portion thereof, pending ruling by the Court on Plaintiff's motion.

5. This Order does not and is not intended to prevent use of the diary or portions thereof at trial of the matter, or in any motion to the court; in the case of motions, the diary, or such parts as may be needful for such motion, the party filing the the pleading or diary will file it in accordance with the procedures outlined in Local Rule 79.7 of the United States District Court for the Southern District of Georgia. The portion of the filing containing the diary must be filed in a sealed envelope on which the following legend shall prominently appear:

*Amber D. Glisson v. Polaris Industries Inc.*

(Case No. 4:12-cv-00158-BAE-GRS)

<u>CONFIDENTIAL - This envelope contains confidential documents and information produced by Plaintiff. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.</u>

SO ORDERED, this 8th day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

AGREED TO:

DATED this 18th day of July, 2012.

*/s/ Arnold C. Young*
Attorney for Plaintiff

*Ernest H. Eubanks, Jr.*
Attorney for Defendant

5072966.1