UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMBER D. GLISSON

       Plaintiff,

vs.                        CASE NO.:  4:12-cv-00158-BAE-GRS

POLARIS INDUSTRIES INC.

       Defendant.

_____/

## AGREED CONFIDENTIALITY ORDER

It is hereby ORDERED that all documents and other materials produced by Polaris Industries Inc. ("Polaris"), either voluntarily or by Order of the Court, have been and will be produced under the following conditions:

The parties recognize that Polaris Industries Inc. ("Polaris") may produce in this action certain documents and materials regarding design (drawings and specifications), testing, and other memoranda or documents discussing design, testing and/or marketing strategies, that Polaris contends are, in whole or in part, confidential, competitively sensitive, trade secret, and proprietary to Polaris.  With regard to these documents, materials and information produced by Polaris, the parties hereby agree that a Protective Order is appropriate and can be entered to govern the confidential material as follows:

1.      Any documents, materials, or information pertaining to design (drawings and specifications), testing and/or other memoranda or documents discussing design, testing and/or marketing strategies, produced or disclosed in this action by Polaris and designated by Polaris as being confidential (including any copies, recordings, discs,

933318-1

prints, negatives, summaries, or the contents or substance thereof) shall not be shown or otherwise divulged, and the fact of the existence thereof shall not be disclosed, to any entity or person except the employees, experts and consultants specifically employed and retained by the parties to this lawsuit for use only in connection with this action.

2.     All documents or other materials pertaining to design (drawings and specifications), testing and/or other memoranda or documents discussing design, testing and/or marketing strategies, that Polaris, in good faith, believes need the protection of this Protective Order will be marked "Protected by Court Order" or similar notation prior to the time the documents or other materials are produced or disclosed and will be specifically designated as such in a writing provided contemporaneously with the production.

3.     Polaris specifically undertakes that before it a document or other material is designated as "Protected by Court Order" it will make a <u>bona fide</u> determination that the document or material is needful of such designation.

4.     Any employees, experts, and consultants of the Plaintiff in this action to which such documents, materials, and information are intended to be disclosed, shall be first presented with a copy of this Protective Order and after reading same, shall sign the form of "Acknowledgment of Protective Order," attached hereto as Exhibit A. Said employees, experts, and consultants shall use said information only for purposes of this litigation and shall not give, show, or otherwise divulge any of the documents, materials, or information produced by Polaris, which are designated confidential, or the content, substance or fact of the existence thereof, to any other entity or person.

5.      To the extent Plaintiff, in good faith, disagrees with the designation given by Polaris to any documents or other materials, Plaintiff agrees to contact counsel for Polaris and advise of the reasons for the disagreement and the uses to which Plaintiff wishes to make of the specific documents which would be prohibited by the terms of this Protective Order.  If the parties are unable to reach an accommodation, Plaintiff will confirm the disagreement with Polaris' confidential designation in writing at which point counsel for Polaris shall have 20 days from receipt of the letter in which to file a motion with the Court to address the issue.  Plaintiff agrees that the documents and materials shall maintain their confidentiality pending ruling by the Court on Polaris' motion.

6.      All transcripts, depositions, exhibits, or other pleadings or filings in this action that contain or otherwise set forth documents, information, or other materials, or the contents thereof which have been previously designated by Polaris as confidential, shall likewise be subject to the terms of this Protective Order.   Designations of confidentiality must be made within 20 days of receipt of the transcript.   If any CONFIDENTIAL MATERIAL is filed with this court, including any pleading incorporating CONFIDENTIAL MATERIAL, the party doing so will file such pleading or CONFIDENTIAL MATERIAL in accordance with the procedures outlined in Local Rule 79.7 of the United States District Court for the Southern District of Georgia.  The portion of the filing containing CONFIDENTIAL MATERIAL must be filed in a sealed envelope on which the following legend shall prominently appear:

*Amber D. Glisson v. Polaris Industries Inc.*

(Case No. 4:12-cv-00158-BAE-GRS)

3

CONFIDENTIAL - This envelope contains confidential documents and information produced by Polaris. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.

7.      CONFIDENTIAL MATERIAL may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for Polaris is present, and the parties agree that confidentiality of the CONFIDENTIAL MATERIALS and CONFIDENTIAL INFORMATION will continue to the maximum extent permitted by the court, under any procedures the court may require.

8.      All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose CONFIDENTIAL MATERIAL must be filed under seal, pursuant to Local Rule 79.7 of the United States District Court for the Southern District of Georgia, and will not be publicly available, except by further order of this court.

9.      Upon conclusion of this action, by settlement or otherwise, counsel for Plaintiff shall return to counsel for Polaris all documents or other materials produced by Polaris that were marked "Protected by Court Order," including the return of any and all copies, recordings, prints, discs, negatives, or summaries thereof (including but not limited to any such materials in the possession of any employees), except those comprising any trial or appellate court record, or destroy such documents and provide Polaris with an affidavit verifying that the documents have been destroyed and the method of their destruction.  With respect to documents provided by counsel for Plaintiff to experts or consultants, Plaintiff's counsel shall make a bona fide, reasonable and good

4

faith effort to ensure that the experts and/or consultants to which the documents have been provided have complied with this Order and shall include such statement in the referenced affidavit. Further, with respect to documents provided by counsel for Plaintiff to experts or consultants, Plaintiff's counsel shall return such documents or other materials returned to Plaintiff's counsel by the consultants and experts, such return to be included in the referenced affidavit. This provision does not require the return of documents which may have been initially designated as confidential but which were later designated as not confidential by the Court. At the same time, counsel for Plaintiff shall provide to counsel for Polaris an affidavit stating that they and their employees have in good faith sought to comply with the provisions of this Protective Order and identifying each expert to whom they have given, shown, or otherwise divulged any documents or materials designated as confidential. Each such expert also shall return to counsel for Plaintiff all documents or other materials designated "Protected by Court Order," including all copies, prints, and negatives or summaries of such documents in their possession, and shall provide an affidavit stating that they received a copy of this Protective Order and that they in good faith have sought to comply with its provisions. Any confidential documents and materials that comprise any portion of the trial or appellate record, shall remain confidential and shall continue to be sealed in accordance with the terms of Paragraph 5 of the Protective Order.

10.     In the event this agreement is not complied with, either party may put this matter into suit and seek a protective order consistent with the above terms.

SO ORDERED, this __8th__ day of __August__, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

AGREED TO:

DATED this 18<u>TH</u> day of July, 2012.


<u>/s/ Arnold C. Young</u>
ARNOLD C. YOUNG
Attorney for Plaintiff


DATED this 18<u>th</u> day of July, 2012.


<u>/s/ Ernest H. Eubanks, Jr.</u>
ERNEST H. EUBANKS, JR.
Attorney for Defendant

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMBER D. GLISSON

        Plaintiff,

vs.                                 CASE NO.:  4:12-cv-00158-BAE-GRS

POLARIS INDUSTRIES INC.

        Defendant.

_____/

## EXHIBIT "A"
## WRITTEN ASSURANCE

    I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order agreed to by the parties in the above-captioned matter dated _____.  I understand the terms of said Protective Order and under oath consent to be bound by the terms of said Protective Order, as a condition to being provided access to the Confidential Material and Confidential Information furnished by Polaris Industries Inc. ("Polaris").   Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of, enforcing the terms of the Protective Order.

    I undertake and agree promptly upon resolution of the case or termination of my services to return to Arnold C. Young, attorney for Plaintiff, all documents and things provided to me which were/are marked "Protected by Court Order" in accord with the provisions of Section 8 of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by Polaris and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that Polaris may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED: _____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

SUBSCRIBED AND SWORN TO ME
THIS ____ day of _____, 2012.

_____
Notary Public

_____
My Commission Expires